George Tilzer, J.
Upon the counterclaim, defendants move for a temporary injunction. The complaint is based upon an alleged secret process for the manufacture of outer garments of a synthetic pile fabric so as to resemble natural fur. It is charged that the process, techniques, methods and practices were disclosed to the defendants in confidence and their use was prohibited without plaintiff’s consent. Defendants deny the material allegations of the complaint. They charge that plaintiff set out to destroy their businesses by threatening those who deal with them with litigation since the defendants have not the right to use plaintiff’s secret process.
The counterclaim is based on the additional charge that such threats are based on the claimed existence of patent rights which do not in fact exist. To the extent the complaint and counterclaim are based on a secret process, confidence divulged and accepted and confidence breached, there is sharp conflict of facts. Otherwise, the claim of right to temporary injunctive relief rests largely on three exhibits evidencing, as alleged, plaintiff’s purpose to destroy by unfair competition. The first is a news item in Women’s Wear concerning plaintiff’s suit. The second is plaintiff’s full page advertisement, also in Women’s Wear. Both appeared after commencement of suit. It appears, as alleged, that plaintiff had sent copies of each of those exhibits *1024 to customers of the defendants. The third exhibit is another advertisement in Women’s Wear. Plaintiff disavows the third exhibit and second advertisement and asserts it had nothing to do with its insertion. Its name does not appear therein.
The first exhibit, the news item, makes no reference to patents or patents pending. Consequently, only the second exhibit requires consideration. It is insufficient to support the drastic relief of temporary injunction. It refers to a pending patent application as to the process and to a further pending patent application as to a machine which applies the process. It warns against patent infringers who may involve retailers, wholesalers and manufacturers in unnecessary litigation. Thus, no patent is claimed and the warning is as to pending patent applications. Moreover, the. advertisement lists those concerns which are licensed to use the process, not to exploit a patent. It may well be that the campaign of which defendants complain would ultimately result in liability, but the full relief sought by the counterclaim ought not now to be granted. The motion for temporary injunctive relief is denied, but the order to be entered may provide for immediate trial.
Defendants move additionally for an order requiring the plaintiff to disclose the names of the applicants, the serial numbers and the filing dates of any applications filed in the United States Patent Office on behalf of the plaintiff or anyone through whom plaintiff claims an interest, or the numbers and dates of any letters patent which may have been issued to plaintiff or anyone through whom plaintiff claims any interest in connection with the subject matter of the alleged secrets set forth in the complaint. That portion of the application is granted.